Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel VIII

| UNIVERSIDAD DE PUERTO RICO, RECINTO DE CIENCIAS MÉDICAS<br>Apelada<br><br>v.<br><br>ASHLA GAIBI RODRÍGUEZ, MARÍA CAMACHO ROSADO<br>Apelantes | KLAN202400953 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso Núm. SJ2024CV03351<br><br>Sobre:<br>Cobro de Dinero |
|---|---|---|

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

**SENTENCIA**

En San Juan, Puerto Rico, a 28 enero de 2025.

Comparece la Sra. María Camacho Rosado (señora Camacho Rosado o parte apelante) por derecho propio, solicitando que dejemos sin efecto una *Sentencia* en rebeldía dictada por el Tribunal de Primera Instancia, Sala de San Juan, (TPI), el 25 de septiembre de 2024. En específico, el foro de instancia declaró *Con Lugar* la *Demanda* en cobro de dinero presentada por la Universidad de Puerto Rico, Recinto de Ciencias Médicas, (UPR), dirigida en contra de la Sra. Ashla Gaibi Rodríguez (señora Gaibi Rodríguez) como deudora principal, y la apelante, como *fiadora solidaria,* ordenándoles a estas el pago de lo debido.

## I. Resumen del tracto procesal

El 10 de abril de 2024 la UPR presentó una *Demanda* en contra de la señora Gaibi Rodríguez, aduciendo que esta fue una estudiante auspiciada en dicha institución educativa, por lo que recibió ayudas económicas bajo el programa de *Préstamo Legislativo*. Añadió que, para regir los términos de dicha ayuda económica, las partes se obligaron mediante la firma de un contrato, al cual compareció la señora Camacho Rosado, aquí apelante,

NÚMERO IDENTIFICADOR

SEN2025_____

como *fiadora solidaria.*[1] No obstante, la estudiante Gaibi Rodríguez incumplió las obligaciones contraídas, por lo que, según el referido contrato, le adeudaba a la UPR la suma total de $24,839.39, desglosada como sigue: $15,280.00 de principal; $3,732.66 de intereses pactados; $94.56 por recargos; $5,732.17 de gastos de cobranza; los intereses que se devengaren hasta su completo pago; más la cantidad correspondiente de los honorarios de abogado pactados. La UPR también incluyó como deudora solidaria de dicha acreencia a la señora Camacho Rodríguez. A tenor, la parte apelada alegó que la referida deuda estaba vencida, siendo líquida y exigible, por lo que solicitó como remedio que el TPI declarase con lugar la *Demanda* y ordenase el pago correspondiente.

Pasados pocos más de dos meses de presentada la *Demanda*, el 14 de junio de 2024, la UPR instó una *Moción En Solicitud de Anotación de Rebeldía contra la Codemandada María Camacho Rosado,* solicitando la anotación de la rebeldía contra esta, por cuanto había pasado el término para contestar la demanda, sin acción de la demandada.

En respuesta, la señora Camacho Rosado compareció ante el TPI, el 2 de julio de 2024, solicitando una prórroga de sesenta días para contratar representación legal y contestar la *Demanda*.

Ante ello, el 17 de julio de 2024, el TPI declaró *No Ha Lugar* la solicitud de la UPR para que se le anotara la rebeldía a la apelante, y le concedió a la apelante un término de treinta días para contratar representación legal y contestar la *Demanda*.

Sin embargo, el 25 de septiembre de 2024, la UPR acudió nuevamente al TPI para solicitar la anotación de la rebeldía de la apelante. Adujo en su solicitud que, a pesar del foro primario haberle concedido a la apelante la prórroga solicitada para contestar la *Demanda*, esta aún no había formulado alegación responsiva.

---

[1]La señora Camacho Rosado fue emplazada personalmente el 4 de mayo de 2024, mientras que la señora Gaibi Rodríguez fue emplazada mediante edicto, el 19 de junio de 2024.

Al tenor de lo cual, el 25 de septiembre de 2024, el foro primario dictó *Sentencia* en rebeldía, dictamen aquí apelado, declarando *Con Lugar* la *Demanda* y ordenando el pago de la suma de $24,839.39, más los intereses legales, las costas y gastos legales y $2,483.94 de honorarios de abogado.

De manera oportuna, el 11 de octubre de 2024, la señora Camacho Rosado presentó por derecho propio, *Moción Solicitando Reconsideración de Sentencia en Rebeldía y consolidación del Caso de Deudora Ashla Gaibi Rodríguez y Codeudora Maria* (*sic*) *Camacho Rosado.* Arguyó que el foro de instancia no se había expresado sobre su solicitud de prórroga para contratar a un representante legal.

El TPI declaró *Sin Lugar* la petición de reconsideración.

Insatisfecha, la señora Camacho Rosado presentó el recurso de *apelación* que nos ocupa.

A lo cual la UPR ripostó presentando una *Solicitud de Desestimación.* En lo esencial, la parte apelada esgrimió los siguientes dos fundamentos para que desestimáramos el recurso presentado: (1) que la codemandada Gaibi Rodríguez no había sido notificada del recurso de apelación presentado, lo que comportaba un problema jurisdiccional; (2) que el recurso carecía de un apéndice.

En consideración al asunto jurisdiccional levantado por la UPR, emitimos una *Resolución* el 4 de diciembre de 2024, concediéndole un término de diez días a la apelante para que mostrara causa por la cual no debíamos desestimar el recurso de apelación, **ante la alegada falta de su notificación a la codemandada Gaibi Rodríguez**.

En respuesta, el 17 de diciembre de 2024, la apelante nos solicitó una prórroga para *preparar los escritos necesarios acorde a los reglamentos y leyes aplicables*.

Al próximo día declaramos *No Ha Lugar* la referida petición de prórroga, y concedimos un término final de cinco días a la apelante para que

cumpliera con lo que le requerimos en la *Resolución* de 4 de diciembre de 2024.

Finalmente, la señora Gaibi Rodríguez compareció mediante *Moción para no Desestimación al Tribunal Apelativo*. Entre otros asuntos, la apelante manifestó en esta moción: haber tratado de contratar abogado para que asumiera su representación legal, sin éxito; que la UPR presentaba una actitud negativa para llegar a acuerdos; que la codemandada Gaibi Rodríguez había cumplido con el requisito de trabajar tres años en el sistema médico de Puerto Rico, por lo que no procedía el cobro de la deuda; fallas en el emplazamiento de dicha codeudora.

Estamos en posición de resolver el asunto jurisdiccional planteado.

## II. Exposición de Derecho

### A. Jurisdicción

La jurisdicción se ha definido como el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 267 (2018); *Yumac Home v. Empresas Massó*, 194 DPR 96, 103 (2015); *Horizon v. Jta. Revisora, RA Holdings*, 191 DPR 228, 233 (2014). Cónsono con ello, los tribunales estamos llamados a ser fieles guardianes de nuestra jurisdicción, aun cuando ninguna de las partes invoque tal defecto. *Íd.* Por consiguiente, tanto los foros de instancia, como los foros apelativos, tienen el deber de analizar de forma prioritaria si poseen jurisdicción para atender las controversias que le sean presentadas. *Ruiz Camilo v. Trafon Group, Inc.,* supra, pág. 268; *Horizon Media v. Jta. Revisora, RA Holdings,* supra, págs. 233-234; *Shell Chemical v. Srio. Hacienda*, 187 DPR 109,123 (2012).

El Tribunal Supremo ha resaltado que evaluar los aspectos jurisdiccionales es parte de nuestro deber ministerial y debe hacerse antes de que el tribunal pueda conocer del pleito. *Ruiz Camilo v. Trafon Group, Inc.,* supra, pág. 268*; Shell v. Srio. Hacienda,* supra, pág. 123. De aquí que, si determinamos que no tenemos jurisdicción sobre un recurso o sobre una

controversia determinada, debemos así declararlo y desestimar, pues no tenemos discreción para asumir jurisdicción donde no la hay. *Mun. San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014)*; Yumac Home v. Empresas Massó,* supra, pág. 103.

### B. Notificación del recurso de apelación

i.

La Regla 52.2(a) de Procedimiento Civil dispone, en lo pertinente, que el recurso de apelación para revisar sentencias ante el Tribunal de Apelaciones deberá ser presentado dentro del término jurisdiccional de treinta días, contados desde el archivo en autos de una copia de la notificación de la sentencia dictada por el tribunal apelado. 32 LPRA Ap. V, R. 52.2 (a). De igual manera, la Regla 13 (A) del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.13, establece un término jurisdiccional de treinta días, contados desde el archivo en autos de una copia de la notificación de la sentencia, para presentar el recurso de apelación.

Las reglas citadas han de ser consideradas en conjunto con la Regla 13(B)(1) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 13(B)1, que se encarga de dictar el curso a seguir con relación a **la notificación a las partes** del recurso de apelación. En específico, la referida regla dispone lo que sigue: *la parte apelante **notificará el recurso apelativo y sus apéndices dentro del término dispuesto para la presentación del recurso, siendo éste un término de cumplimiento estricto.*** (Énfasis provisto).

Según lo revela la reglamentación hasta aquí citada, a diferencia del término para presentar el recurso de apelación ante este Tribunal de Apelaciones, que es jurisdiccional, el término para **notificar a las partes** la presentación de dicho recurso es de cumplimiento estricto, por tanto, prorrogable, **si se demuestra justa causa**. Véase *Peerless Oil v. Hnos. Torres Pérez,* 186 DPR 239, 253 (2012). (Énfasis provisto). Por ello, nuestro Tribunal Supremo ha determinado que, ante los términos de cumplimiento

estricto, *los tribunales no están atados al automatismo que conlleva un requisito de carácter jurisdiccional y pueden, por lo tanto, proveer el remedio que estimen pertinente, extendiendo el término según las circunstancias. Íd.,* en la pág. 253 citando a *SLG Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 881 (2007).

Sin embargo, a pesar de que los términos de cumplimiento estricto no están atados a la rigidez de los términos jurisdiccionales, no significa que el Tribunal goza de amplia discreción para prorrogarlos. *Peerless Oil v. Hnos. Torres Pérez,* supra, pág. 254. De aquí que el Tribunal Supremo hubiese determinado que la discreción de este foro apelativo para ejercer su facultad de prorrogar un término de cumplimiento estricto **está subordinada a la presentación de justa causa**, sujeta a las siguientes condiciones: ***(1) que en efecto exista justa causa para la dilación; (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación****; es decir, que la parte interesada **acredite de manera adecuada la justa causa aludida**.* (Énfasis provisto). *Rivera Marcucci v. Suiza Dairy,* 196 DPR 157, 171 (2016); *Arriaga v. FSE,* 145 DPR 122, 132 (1998). **En ausencia de alguna de estas dos (2) condiciones, los tribunales carecen de discreción para prorrogar términos de cumplimiento estricto.** (Énfasis provisto). *Soto Pino v. Uno Radio Group,* 189 DPR 84, 93 (2013).

Cabe resaltar que, "es un deber acreditar la existencia de justa causa, *incluso antes de que un tribunal se lo requiera,* si no se observa un término de cumplimiento estricto". *Íd.*, pág. 97. Al hacerlo, la parte promovente debe demostrar la existencia de justa causa, **con explicaciones concretas y particulares**, debidamente evidenciadas, **que le permitan al tribunal concluir que la tardanza o demora ocurrió por alguna circunstancia especial razonable**. (Énfasis provisto). *Soto Pino v. Uno Radio Group.,* supra*,* en la pág. 93, citando a *Febles v. Romar,* 159 DPR 714, 720 (2003). No podrá acreditarse la existencia de una justa causa con excusas,

vaguedades o planteamientos estereotipados. *Lugo v. Suárez,* 165 DPR 729, 739 (2005).

ii.

Por último, nuestro ordenamiento jurídico favorece la política judicial de que los casos se ventilen en sus méritos. *Mercado Figueroa v. Mun. San Juan,* 192 DPR 279, 288 (2017). Esto debe ir en armonía con el principio procesal recogido en la Regla 1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, de que los pleitos se tramiten de forma justa, rápida y económica. *Íd.,* pág. 289. No obstante, las normas que rigen el perfeccionamiento de todos los recursos apelativos deben observarse rigurosamente. *Soto Pino v. Uno Radio Group,* supra, pág. 90.

Cabe recalcar que los requisitos de notificación no constituyen una mera formalidad procesal, sino que son parte integral del debido proceso de ley. *Montañez Leduc v. Robison Santana,* 198 DPR 543, 551 (2017). En ese sentido, los requisitos de notificación son imperativos, debido a que colocan a la parte contraria en conocimiento del recurso que solicita la revisión de una decisión de un tribunal de menor jerarquía. *Soto Pino v. Uno Radio Group, supra*, pág. 90.

En definitiva, para el perfeccionamiento adecuado de un recurso presentado ante el foro apelativo intermedio es necesaria la oportuna presentación **y la notificación** del escrito a las partes apeladas. Regla 13 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. Véanse: *Montañez Leduc v. Robinson Santana,* 198 DPR 543 (2017); *Pérez Soto v. Cantera Pérez, Inc. et al.,* 188 DPR 98, 105 (2013); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873(2007); *Morán v. Martí,* 165 DPR 356 (2005). *La falta de oportuna notificación a todas las partes en el litigio **conlleva la desestimación del recurso de apelación**. Montañez Leduc v. Robinson Santana*, supra, págs. 549–553; *Pérez Soto v. Cantera Pérez*, supra, pág. 105; *S.L.G. Szendrey-Ramos v. F. Castillo*, supra, págs. 881–883. ***El recurso que no se notifica a todas las partes, priva de jurisdicción al***

*Tribunal para ejercer su facultad revisora*. (Énfasis provisto). *González Pagán v. Moret Guevara*, 202 DPR 1062, 1073 (2019).

### III. Aplicación del Derecho a los hechos

Nuestro Tribunal Supremo ha advertido que en toda situación jurídica que se presenta ante un foro adjudicativo, *lo primero que se debe considerar es el aspecto jurisdiccional. Ruiz Camilo v. Trafón Group, Inc.*, supra, pág. 268. De lo que se sigue que lo primero que debemos determinar es si, como aduce la UPR, carecemos de jurisdicción para dilucidar los méritos del recurso, ante su falta de notificación a una de las partes demandadas, la señora Gaibi Rodríguez. Contestamos es en la afirmativa.

Sobre lo anterior, lo cierto es que, al evaluar el recurso de apelación, presentado el 22 de octubre de 2024, encontramos que la señora Camacho Rosado certificó haber enviado copia de este a Sheila San Martín, a la dirección P.O. Box 10590 San Juan, PR 00918, y al correo electrónico dvrlawdvrlaw.com. Asimismo, el 23 de octubre de 2024, presentó una moción informativa en la cual manifestó que en esa misma fecha le notificó el recurso al TPI, y a los representantes de la Universidad de Puerto Rico, el bufete Valle Roríguez Law Office, a su dirección del expediente: P.O. Box 10590, San Juan, PR 00918, vía correo certificado.

Sin embargo, el recurso **no** contiene una certificación que evidencie que hubiese sido notificado a la señora Gaibi Rodríguez, parte codemanda, a pesar de tal requerimiento surgir de la Regla 15 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 15.

Ante la ausencia de la referida certificación de notificación a la codemandada Gaibi Rodríguez en el recurso presentado, junto a la aseveración de la UPR en su petición de desestimación de que la señora Camacho Rosado no había notificado el recurso de apelación a dicha codemandada, le concedimos un término a esta última para que mostrara causa por la cual no debíamos desestimar el recurso presentado por dicha omisión. Como respuesta, la apelante nos presentó sendas mociones, en

ninguna de las cuales pudo presentar justa causa para haber preterido la notificación del recurso de apelación a la codemandada Gaibi Rodríguez.

Aunque fuimos claros en la exposición de derecho sobre el tema, quepa aquí reiterar las expresiones vertidas por nuestro Tribunal Supremo en *González Pagan v. Moret Guevara,* supra, pág. 1073, a los efectos de que:

> [C]uando una parte solicita la revisión de un dictamen o resolución emitido por el Tribunal de Apelaciones la parte debe perfeccionar el recurso conforme a las leyes y los reglamentos aplicables, **lo que permitirá a ese foro tener jurisdicción sobre la controversia en cuestión**. **Es requisito jurisdiccional que la parte peticionaria del recurso notifique la presentación del mismo a todas las partes en el pleito.** (Énfasis provisto).

También recalcamos que, aunque el término para notificar el recurso de apelación a las partes es de cumplimiento estricto, solo tenemos facultad para prorrogarlo si: (1) en efecto exista justa causa y; (2) se demuestre detalladamente las bases razonables para la dilación. *Rivera Marcucci v. Suiza Dairy,* supra. De esta manera, la parte que incumple con un término de cumplimiento estricto debe demostrar la existencia de justa causa con **explicaciones concretas y particulares, debidamente evidenciadas, que le permitan al tribunal concluir que la tardanza o demora ocurrió por alguna circunstancia especial razonable.** *Soto Pino v. Uno Radio Group,* supra. (Énfasis nuestro). En ausencia de la presencia de tales condiciones, carecemos de discreción para prorrogar términos de cumplimiento estricto. *Íd.*

En consecuencia, *la falta de oportuna notificación a todas las partes en el litigio conlleva la desestimación del recurso de apelación. Nontañez Leduc v. Robinson Santana,* supra, págs. 549-533. Y, el recurso que no se notifica a todas las partes, priva de jurisdicción al Tribunal para ejercer su facultad revisora. *Soto Pino v. Uno Radio Group,* supra.

Por último, en *González Pagán v. Moret Guevara,* supra, pág. 1073, el Tribunal Supremo expresamente resolvió que correspondía notificar el

recurso de apelación, aún a una parte que se encontrara en rebeldía, como es el caso de la codemandada Gaibi Rodríguez.

En definitiva, no hay duda de que la parte apelante incumplió con el requerimiento de notificar a la codemandada Gaibi Rodríguez del recurso de apelación, y tal omisión nos priva de jurisdicción para atender los méritos de la controversia planteada.

**IV. Parte dispositiva**

Por los fundamentos que anteceden, se desestima el recurso de apelación, por falta de jurisdicción, al no haberse notificado de manera oportuna a la señora Gaibi Rodríguez.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones